UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDA BROCKMAN AND JUAN CARLOS LOMELI,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, JASON MARCUSEN, DEPUTY GREEN #7131, AND SERGEANT ALLISTER #7026,<br><br>Defendants. | Case No.:   22CV512-AGS(BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A COURT ORDER TO CONDUCT THE INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF LOMELI AND PLAINTIFF BROCKMAN**<br><br>**[ECF NO. 52]** |

Currently before the Court is Defendants' October 9, 2023 Motion for a Court order to Conduct the Independent Medical Examinations of Plaintiff Lomeli and Plaintiff Brockman [ECF No. 52 ("Mot.") and Plaintiffs' October 16, 2023 opposition to the motion [ECF No. 55 ("Oppo.")].[1] For the reasons set forth below, Defendants' motion is **DENIED**.

**RELEVANT DISCOVERY BACKGROUND**

On July 14, 2023, Defendants designated Dr. Steven Elig as their expert. Mot. at 3. Defendants deposed Plaintiffs on August 15, 2023. Id. As part of their deposition testimony, both Plaintiffs discussed the mental and emotional impacts of the events giving rise to this case. Id.; see also ECF No. 52-1, Declaration of Ronald Lenert In Support of Defendants' Motion for A Court Order to Conduct the Independent Medical Examinations of Plaintiff Lomeli and Plaintiff

---

[1] Defendants did not file a reply. See Docket.

1

22CV512-AGS(BLM)

Brockman ("Lenert Decl.") at Exhibits A and B.

On August 18, 2023, fact discovery in this case closed. ECF No. 36.

On August 24, 2023, Defendants proposed dates to Plaintiffs for their Independent Medical Examinations ("IME"). Mot. at 3. On August 29, 2023, pursuant to Plaintiffs' request, Defendants provided Plaintiffs with a Notice of Examination. Id. On September 12, 2023, in light of the approaching September 15, 2023 deadline for expert disclosures, Defendants filed an *Ex Parte* Motion for Extension of Time to Complete Expert Discovery. ECF No. 42. On September 13, 2023, Plaintiffs filed an Opposition to Defendants' *Ex Parte* Motion. ECF No. 43. That same day, Defendants filed a reply. ECF No. 44. On September 14, 2023, the Court vacated the September 15, 2023 expert disclosure deadline in anticipation of the parties scheduled discovery conference call with the Court. ECF No. 45.

On September 18, 2023, Brian Cline, counsel for Plaintiffs, and Ronald Lenert, counsel for Defendants, participated in a discovery dispute conference call with Judge Major's Law Clerk. See ECF No. 46. After the conference call, Defendants provided Plaintiffs with a draft stipulation regarding damages to eliminate the need for the IMEs. Mot. at 4; see also Lenert Decl. at Exhibit G. Plaintiffs did not respond. Id. On September 26, 2023, the parties filed a Joint Update RE: Discovery Dispute in which the parties explained that they were unable to resolve their dispute. See ECF No. 48. On September 29, 2023, Plaintiffs communicated to Defendants for the first time in writing that they would not participate in any IMEs. Mot. at 4; see also Lenert Decl. at Exhibit H.

On September 28, 2023, Robert Pecora and Brian Cline, counsel for Plaintiffs, and Ronald Lenert, counsel for Defendants, participated in a follow-up discovery dispute conference call with Judge Major's Law Clerk. See ECF No. 49. Counsel for the parties confirmed that they were unable to reach an agreement regarding their discovery disputes and the Court ordered Defendants to file their motion by October 9, 2023, Plaintiffs to file their opposition by October 16, 2023, and Defendants to file any reply by October 23, 2023. Id. The parties timely filed their pleadings as ordered. See Mot., Oppo.

///

## DEFENDANTS' POSITION

Defendants seek an order from the Court (1) limiting Plaintiffs' damages in accordance with the proposed stipulation[2] or (2) compelling Plaintiffs to undergo IMEs with Dr. Steven A. Elig. Mot. at 4. Defendants argue that good cause exists for the requested order and that the IMEs are appropriate and necessary because Plaintiffs have placed their mental conditions in controversy. Id. at 6-8. Additionally, Defendants' expert needs to conduct an IME of each Plaintiff to complete his expert report which may be necessary to rebut Plaintiffs' attempts to prove their claims of psychological and emotional damages. Id. at 3, 9. Defendants argue that Plaintiffs' mental health claims go well beyond garden variety mental health claims[3]. Id. at 7. Defendants note that during their depositions, both Plaintiffs testified that their injuries are ongoing and that they foresee the need for counseling in the future. Id. at 3; see also Lenert Decl. at Exhibit A at 10, 14-15, Exhibit B at 24. Defendants argue they will be unfairly prejudiced if they are not allowed to conduct IMEs and Plaintiffs expand upon their damages at trial. Id.

Defendants did not previously seek an order compelling the IMEs because Plaintiffs did not refuse the IMEs until September 29, 2023. Id. at 4; see also Lenert Decl. at Exhibit H. Prior to that, Plaintiffs engaged in discussions and appeared to consider possible dates for the IMEs without refusing or confirming they would participate. Id. at 4.

## PLAINTIFFS' POSITION

Plaintiffs contend that IMEs are not appropriate because Plaintiffs only have alleged garden variety emotional distress and have not put their mental health in controversy. Oppo.

---

[2] See Lenert Decl. at Exhibit G.

[3] "One district court has characterized garden-variety claims for emotional distress as 'claims of generalized insult, hurt feelings, and lingering resentment' that 'do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life.'" Henry v. Ocwen Loan Servicing, LLC, 2018 WL 3064011, at *2 (S.D. Cal., June 21, 2018) (quoting Ortiz v. Potter, 2010 WL 796960, at *3 (E.D. Cal. Mar. 5, 2010). "Another district court distinguished a garden-variety claim of emotional distress from "a claim of psychic injury or psychiatric disorder." Id. (quoting Houghton v. M & F Fishing, Inc., 198 F.R.D. 666, 668 (S.D. Cal. Jan. 10, 2001)); see also, Nguyen v. Qualcomm Inc., 2013 WL 3353840, at *3 (S.D. Cal. July 3, 2013).

at 5.  Plaintiffs note that they have not (1) pled a cause of action for negligent or intentional infliction of emotional distress, (2) made an allegation of a specific mental or psychiatric injury or disorder, (3) made a claim for unusually severe emotional distress, (4) offered expert psychiatric or psychological testimony to support a claim of emotional distress, and/or (5) made a concession that their mental conditions are in controversy.  Id. at 4.  Plaintiffs further note that they have not received counseling to date nor retained a psychiatrist or psychologist to testify as an expert.  Id. at 1-2.  Plaintiffs contend that emotional distress is only included as an element of their damages and that only a small portion of their damage claims are for emotional distress.  Id. at 2.  Plaintiffs also contend that the instant motion is untimely.  Id.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 35, "[t]he court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined; and [] must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2).

"A party's mental or physical condition is in controversy when it is the subject of the litigation." Mosley v. Carlos Del Toro, Secretary of the Navy, 2023 WL 6812548, at *2 (S.D. Cal., Oct. 13, 2023) (citing Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161, 164 (N.D. Cal. 2013) and Ashby v. Mortimer, 329 F.R.D. 650, 653 (D. Idaho 2019)).

> [C]ourts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Lewis v. CoreCivic of Tennessee, LLC, 2023 WL 3806355, at *2 (S.D. Cal., June 2, 2023) (quoting Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995)).

When evaluating good cause, courts consider "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove [his] claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff claims ongoing emotional distress." Mosley, 2023 WL 6812548, at *2 (quoting Ayat v. Societe Air France, 2007 WL 1120358, at *5 (N.D. Cal. Apr. 16, 2007)). The court ultimately has discretion to determine whether to order an examination. Id. (citing Buffington v. Nestle Healthcare Nutrition Inc., 2019 WL 3063516, at *1 (C.D. Cal. Apr. 18, 2019)).

## ANALYSIS

A. <u>Independent Medical Examinations</u>

Plaintiffs have not placed their mental health in controversy within the meaning of Rule 35. They have not pled a cause of action for intentional or negligent infliction of emotional distress, alleged a specific mental or psychiatric injury, claimed unusually severe emotional distress, or offered expert testimony to support a claim of emotional distress. Consol. Comp.; see also Oppo. at 4. Additionally, neither Plaintiff has conceded that their mental condition is in controversy within the meaning of Fed. R. Civ. P. 35(a). Id. In addition, Plaintiffs repeatedly state that their claims are "garden variety emotional distress." Oppo. at 2, 5. Although Fed. R. Civ. P. 35 "is to be construed liberally in favor of granting discovery, 'garden-variety' emotional distress is insufficient to put Plaintiff's mental state in controversy." Nguyen, 2013 WL 3353840, at *3 (quoting Turner, 161 F.R.D. at 96).

Defendants also have not established good cause for an order requiring Plaintiffs to submit to IMEs. Fed. R. Civ. P. 35(b). While it is unlikely Defendants will obtain the desired information by other means and the requested information may be relevant to Plaintiffs' garden variety emotional distress claims, the requested examinations are overbroad and not proportional to the claims as Plaintiffs have not claimed intentional or negligent infliction of emotional distress, a specific mental or psychiatric injury, or unusually severe emotional distress and have no plans to prove those claims through expert witness testimony. Consol. Comp.

B. <u>Stipulation Limiting Damages</u>

As an alternative to ordering IMEs, Defendants ask the Court to limit Plaintiffs' damages

in accordance with the proposed stipulation and cite to Exhibit G.  Mot. at 4.  Exhibit G is not a proposed stipulation limiting the scope of Plaintiffs' damages.  Id. at Exhibit G.  Instead, it appears to be a stipulation laying out the requirements for Plaintiffs' IMEs.  Id.  Since the Court is denying Defendants' motion to compel the IMEs of Plaintiffs, the Court must also deny Defendants' request to enter the stipulation at Exhibit G.  This order does not preclude Defendants from filing a motion *in limine* seeking to limit the scope of Plaintiffs' damages or testimony.

## CONCLUSION

For the reasons set forth above, Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  11/8/2023

Hon. Barbara L. Major
United States Magistrate Judge