UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDA BROCKMAN AND JUAN CARLOS LOMELI,<br><br>          Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, JASON MARCUSEN, DEPUTY GREEN #7131, AND SERGEANT ALLISTER #7026,<br><br>          Defendants. | Case No.:   22CV512-AGS(BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PREVIOUSLY IDENTIFIED DOCUMENTS/THINGS**<br><br>**[ECF NO. 53]** |

Currently before the Court is Plaintiffs' October 9, 2023 Motion to Compel Previously Identified Documents/Things [ECF No. 53 ("Mot.")] and Defendants' October 16, 2023 opposition to the motion [ECF No. 54 ("Oppo.")].[1]  For the reasons set forth below, Plaintiffs' motion is **DENIED**.

## FACUTAL BACKGROUND

On May 7, 2021, Plaintiffs left work and stopped at the Napa Auto Parts Store.  ECF No. 30 ("Consol. Comp."). Plaintiff Lomeli entered the store, purchased transmission fluid, and left. Id. at 3.  Around that same time, a purse was reported stolen from an unoccupied vehicle. Id.  The San Diego County Sheriff's Department dispatch announced a "call-out" for the incident. Defendant Jason Marcusen answered the "call-out." Id. Deputy Green stopped the car with

---

[1] Plaintiffs did not file a reply.  See Docket.

Plaintiffs, at the direction of Defendant Marcusen for the detention of burglary suspects. Id. Plaintiffs allege "the stop was a racially discriminatory pretextual stop." Id. at 4. Plaintiffs denied the Sheriff's request to search the car and Plaintiff Lomeli denied a request to search his person, however, both were searched, and the deputies did not find the stolen purse. Id. at 5. Plaintiff Lomeli was transported to the San Diego County Central Receiving Facility, where he was jailed overnight for seventeen (17) hours before he was released. Id. at 6. Plaintiff Brockman was transported to the Alpine Sheriff's Station where she was interrogated before being taken to the Los Colinas Facility, where she was jailed for six (6) hours before she was released. Id. at 6-7. Plaintiff Brockman and Plaintiff Lomeli were given a Notice to Appear for a preliminary hearing, charging them with burglary. Id. at 7. At the hearings, the Court dismissed all charges for lack of evidence/proof. Id. They were given a second Notice to Appear after the County re-issued the same burglary charges. Id. Once again, the Court dismissed the charges at the initial preliminary hearing for lack of evidence/proof. Id.

## RELEVANT DISCOVERY BACKGROUND

On January 26, 2023, the Court issued an Order Granting Joint Motion for Protective Order. ECF No. 38.

On June 14, 2023, Plaintiff requested production of the jail and booking video. ECF No. 53-1, Declaration of Brian K. Cline INS Plaintiffs' Motion to Compel Previously Identified Documents/Things ("Cline Decl.") at ¶ 10.

On June 22, 2023, Defendants responded that all jail and booking video had been destroyed. Id. at ¶ 11.

On July 13, 2023, Defendants produced documents in response to Plaintiffs' Requests for Production of Documents. Cline Decl. at ¶ 6. The production identified portions of Defendants' personnel files and were bates stamped CSD2617-2894, but the documents were withheld. Id.; see also Oppo. at Exhibit D.

On July 25-27, 2023, Defendants informed Plaintiffs they were searching for BWC video footage from when Plaintiff Brockman's personal items were returned to her on May 12, 2023. Id. at ¶¶ 11-12.

On August 11, 2023, Plaintiffs' counsel emailed defense counsel requesting a conversation regarding potentially continuing the fact discovery deadline because "[a]fter the depositions of the deputies, it appears there are a lot of items not disclosed or need further discovery." Id. at 13, Exhibit 8; see also Oppo. at 3.

On August 18, 2023, fact discovery in this case closed. ECF No. 36 at 1.

On August 24, 2023, Plaintiffs' counsel emailed defense counsel stating that he believed the IA reports were relevant and requesting a time to meet in person so that he could look at Defendants' personnel files. Cline Decl. at Exhibit 9.

On September 20, 2023, Plaintiffs provided Defendants with a list of their production requests and information that was previously requested and not produced. Cline Decl. at ¶ 2, Exhibit 1. The list included the following sixteen requests:

| Documents/Things/Materials | Description |
|---|---|
| 1. CSD002617-002651 | Internal Affairs Case no.: 2018-198.3 for Deputy Greene. |
| 2. CSD002652-002688 | Internal Affairs Case no.: 2018-141.3 for Deputy Greene. |
| 3. CSD002689-002697 | Internal Affairs Case no.: 2018-141.3 for Deputy Greene. |
| 4. CSD002698-002707 | Internal Affairs Case no.: 2018-198.3 for Deputy Greene. |
| 5. Internal Affairs Investigation — FOUNDED | Sgt. Allister's had two (2) I.A. investigations, one of which was determined to be founded. Defendant did not produce the founded complaint/investigation, nor did Defendant allow any questioning on said investigation. Plaintiffs are seeking said materials and/or testimony on said topic. |
| 6. CSD002877-002890 | Internal Affairs complaint 2022-786-C for Deputy Marcusen. |
| 7. CSD002891-002894 | Internal Affairs complaint 2022-810-C for Deputy Marcusen. |
| 8. Body Word Camera ("BWC") footage | Transport of Plaintiff Lomeli to the Alpine station. |
| 9. BWC footage | Transport of Plaintiff Brockman to the Alpine station. |
| 10. BWC footage | Transport of Plaintiff Brockman to Las Colinas. |

| | |
|---|---|
| 11. BWC footage | Transport of Plaintiff Lomeli to San Diego Jail. |
| 12. Video footage | Plaintiff Lomeli San Diego County Jail intake. |
| 13. CLETS[2] | Plaintiff to file a motion on this issue. |
| 14. Radio call | Dispatch call to Deputy Marcusen for return of personal effects to Plaintiff Brockman's residence. |
| 15. BWC footage | Video of interaction between Deputy Marcusen and Plaintiff Brockman when Deputy Marcusen returned Plaintiff Brockman's personal affects to her at her residence. |
| 16. BWC footage | Deputy Marcusen's field interview of witness Jamie Roberts. |

Id.

On September 21, 2023, Defendants responded to Plaintiff's list stating that they had already responded to requests Nos. 5[3] and 16[4], responsive documents for requests Nos. 8-11, and 15 do not exist, and that they would further investigate requests Nos. 12 and 14. Id. at ¶ 3, Exhibit 2. With respect to requests Nos. 1-4, Defendants responded that the documents have no connections to the facts and allegations in this case, the documents were addressed in Defendants' July 13, 2023 privilege log, discovery closed on August 18, 2023, and Plaintiffs failed to raise this issue until August 24, 2023, making it untimely. Id. at Exhibit 2. Regarding requests Nos. 6-7, Defendants responded that the two requests covered one Internal Affairs ("IA") matter and have no connection to the facts or allegations in the instant matter. Id. Defendants responded that they would inquire about request No. 12 in case they did not initially consider

---

[2] This issue has been addressed. On September 25, 2023, Plaintiffs filed a Motion Re Discovery Dispute addressing the CLETS information. ECF No. 47. On October 2, 2023, Defendants filed an opposition to the motion. ECF No. 50. On October 6, 2023, the Court granted Plaintiffs' motion. ECF No. 51.

[3] Defendants state that they produced the written complaint and full police report on September 5, 2023 even though Plaintiffs' request was untimely and outside the scope of their RFPs. Oppo. at Exhibit C.

[4] Defendants produced this on June 28, 2023 as CSD002614. Cline Decl. at Exhibit 2.

the booking process to be a part of the arrest and about request No. 14 despite it being outside of the scope of any RFP and occurring prior to the arrest and not being part of an investigation. Id.

On September 5, 2023, Defendants produced a complaint made against Defendant Allister in February of 2018. Oppo. at 4; see also Cline Decl. at ¶ 15, Exhibit 10.

On September 28, 2023, Defendants followed up with Plaintiffs and informed them that no responsive videos, documents, or logs exist with respect to request Nos. 12 and 14. Oppo. at Exhibit A.

## PLAINTIFFS' POSITION

Plaintiffs seek an order for production of:

> (1) the unredacted previously identified bates stamped documents CSD002617 through CSD0002894; (2) any/all documents related to defendant Sgt. Allister's founded I.A. investigation; (3) to the extent it exists, Plaintiff Lomeli's intake booking at the San Diego Central Jail; and (4) to the extent it exists, the dispatch call to defendant Deputy Marcusen for return of personal effects to plaintiff Brockman, or at a minimum, an order from the Court that the same are turned over to the Court for an *in-camera* review to determine: (1) whether the documents are discoverable; and (2) to the extent they are discoverable, whether they should be produced, and/or the extent they should be redacted.

Mot. at 7. Plaintiffs argue that their request is timely, Defendants' personnel files must be produced in a federal action, the records are sufficiently protected by the protective order that has been entered in this matter, and the IA complaints in the files are relevant. Id. at 2, 5-7; see also Cline Decl. at ¶ 4. Plaintiffs also argue that they requested video footage from the intake at the County jail in June of 2023 and that it should be produced if it exists. Id. at 6-7; see also Cline Decl. at ¶ 10. Plaintiffs note that Defendants agreed to search for and produce any dispatch calls that may exist. Id. at 7.

## DEFENDANTS' POSITION

Defendants contend that Plaintiffs' motion is untimely and overreaching and seeks documents that do not exist. Oppo. at 2. Defendants note that they identified the IA documents three months ago in a privilege log and Plaintiffs failed to raise the issue within the thirty-day deadline set by the Court. Id. Defendants also contend that on September 28, 2023, they

informed Plaintiffs that the intake/booking video and dispatch radio calls do not exist.  Id. Defendants further contend that IA investigations are not part of a deputy's personnel file and that "Plaintiffs fail to analyze and overcome the privileges which were previously asserted and continue to apply to these internal affairs investigations."  Id.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Id. at 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Id. at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the

document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## ANALYSIS

### A. Internal Affairs Documents/Personnel Files

Plaintiffs seek Internal Affairs documents contained in Defendants' personnel files. Mot. at 5.

#### 1. Timeliness

Initially, the Court will address the timeliness of the requests. Defendants responded in part to requests Nos. 1-4 and 6-7 by stating that the requests were untimely. Cline Decl. at Exhibit 2. Specifically, Defendants stated that "[t]his was untimely, as it was beyond the 30 day requirement of Judge Major's Chamber's rules V(E)." Id.

Section VE of Judge Major's Chambers Rules states

> All discovery motions must be filed within 30 days of the event giving rise to the dispute and only after counsel have met and conferred and communicated with the Court as set forth above. The event giving rise to the dispute is NOT the date on which counsel reach an impasse in their meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of the initial response or production of documents, or the passage of the due date without a response or document production. For oral discovery, the event giving rise to the dispute is the receipt of the transcript from the Court reporter of the affected portion of the deposition.

https://www.casd.uscourts.gov/Judges/major/docs/Chambers%20Rules%20Civil.pdf.[5]

Defendants responded to Plaintiff's Requests for Production on July 13, 2023. Oppo. at 3; see also Cline Decl. at ¶ 6. Thirty days from July 13, 2023 was August 12, 2023. Plaintiffs did

---

[5] See also ECF No. 36, Scheduling Order at 2 ("All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**") (emphasis in original).

not file a discovery motion on or before August 12, 2023 nor did they seek an extension of the August 12, 2023 discovery motion deadline. See Docket.  Instead, Plaintiffs argue that their counsel emailed defense counsel on August 11, 2023 and mentioned that he believed there were items requiring additional discovery.  Mot. at 6; see also Cline Decl. at ¶ 13, Exhibit 8.  An email to counsel within thirty days of a disputed discovery response is not the same as filing a discovery motion within thirty days of a disputed discovery response and does not comply with the Court's requirements. Plaintiffs' October 9, 2023 motion, filed almost ninety days after the event giving rise to the parties' discovery dispute (Defendants' response to Plaintiffs' Requests for Production of Documents), and well after the close of fact discovery, is therefore untimely.  Because Plaintiffs' motion is not timely and does not comply with the Court's requirements, Plaintiffs' motion to compel is **DENIED**.

    2.  Relevancy

Plaintiffs argue that the IA reports are relevant.  Mot. at 2.  Plaintiffs note that the complaint produced by Defendants on September 5, 2023 "is clearly related to Plaintiffs' case" because it alleges that Defendant Allister falsified a police report with new facts after the incident date and the instant matter involves allegations that rely on what Defendants knew and when they knew it. Id.

Defendants contend that the reports are not relevant to this case because three investigations relate to Defendant Green's involvement in separate traffic accidents, one investigation relates to a complaint against Defendant Marcusen alleging that he failed to stop someone from trespassing, and two investigations address Defendant Allister's involvement in separate car accidents from 2011 and 2012.[6]  Oppo at 4.  Defendants note that the February 20, 2018 complaint filed against Defendant Allister did not result in an IA investigation and, therefore, was not responsive to Plaintiffs' Requests for Production seeking "Internal Affairs investigations." Id.  Despite this, Defendants produced the written complaint on September 5,

---

[6] Defendants informed Plaintiffs that the 2011 motor vehicle event which was not sustained, and the 2012 motor vehicle event which was sustained, were purged from Defendant Allister's record due to their age and no longer exist which is why they were not included on the privilege log. Oppo. at 4, Exhibit C.

2023. Id.

Defendants have provided an adequate description of the documents at issue in their privilege log and have clearly stated that they have reviewed the documents and they are not relevant to the instant matter. Oppo at 4, Exhibit D. Plaintiffs do not explain how IA reports and photographs related to car accidents involving Defendants and related to Defendant Marcusen's alleged failure to stop someone from trespassing on property are relevant to this matter or provide any information demonstrating that they would be relevant. Mot. Additionally, Plaintiffs appear to conflate Defendant Allister's February 20, 2018 complaint and the two IA investigations Defendant Allister referred to in her deposition. Cline Decl. at ¶ 15. The IA investigations referred to during Defendant Allister's deposition were from 2011 and 2012 and the records no longer exist as explained above. Supra at fn.6; Oppo. at 4, Exhibit C ("[a]t Allister's deposition she disclosed she had two IA investigations in the course of her career. Both of these were motor vehicle events. 2011 was not sustained, 2012 was sustained."). Accordingly, Plaintiffs statement that "Defendants withheld the IA investigation determined to be founded" is incorrect. Mot. at 4; Cline Decl. at ¶ 15. As Defendants clearly stated in their September 21, 2023 response to Plaintiffs, the sustained 2012 IA investigation related to a car accident involving Defendant Allister no longer exists. Oppo. at Exhibit C ("They were not listed on the privilege log because they do not exist."). Relevant or not, Defendants cannot withhold something that does not exist.

The complaint and police report Defendants produced on September 5, 2023 relate to a written complaint by a citizen dated February 20, 2018, not an IA investigation. Oppo. at Exhibits C and D, Cline Decl. at Exhibit 10 ("I am producing CSD 2708-2876 under our protective order . . . . this was not an IA investigation of Allister, but a complaint in which she was mentioned, and the police report"). This complaint never resulted in an IA investigation, but Defendants still produced it. Oppo. at Exhibit C ("as "explained in my email August 28, a complaint was filed but no investigation was conducted"). Plaintiffs state that the produced complaint is "clearly related to Plaintiffs' case" but they do not explain why the produced complaint is insufficient or what additional information they are seeking related to the complaint.

Mot.

The Court finds that Plaintiffs have not established that each of their requests seek relevant information and are proportional to the needs of the case. As a result, the Court also **DENIES** Plaintiffs' motion to compel on this basis as well.

### B. Intake Video Footage

In requests Nos. 8-11, Plaintiffs seek BWC footage of their transport to Alpine Station, Las Colinas, and San Diego Jail. Cline Decl. Exhibit 2. Defense counsel responded to Plaintiffs' request by stating "[t]hese items do not exist." Id. at ¶ 4, Exhibit 2, Exhibit 6 ("Brian, Unfortunately jail and booking video for Lomeli and Brockman following their arrests no longer exists.").

In request No. 12, Plaintiffs seek video from Plaintiff Lomeli's booking at Central Jail. Mot.; see also Cline Decl. at Exhibit 1. Defense counsel responded to Plaintiffs' request by stating:

> My clients did perform a search for CCTV video of Plaintiff Lomeli's booking at Central Jail. This search was conducted at the same time as the other searches in response to Pl Requests for Production in June 20203. No such video exists.

Oppo. at Exhibit A; see also Cline Decl. at Exhibit 6 ("Brian, Unfortunately, jail and booking video for Lomeli and Brockman following their arrests no longer exists.").

Request No. 15 seeks video of interactions between Defendant Marcusen and Plaintiff Brockman. Id. at Exhibit 2. In response to request No. 15, Defense counsel wrote "[t]his demand is outside the scope of any RFP. It appears to have occurred a week after the arrest and was not part of any investigation. As disclosed on August 28, this does not exist." Id.

"[A] court cannot order a party to produce documents that do not exist." See Unilin Beheer B.V. v. NSL Trading Corp., 2015 WL 12698382, * 5 (C.D. Cal. Feb. 27, 2017). Accordingly, Plaintiffs' motion to compel with respect to request Nos. 8-12 and 15 is **DENIED**.

In request No. 16, Plaintiffs seek Defendant Marcusen's field interview with witness Jamie Roberts. Cline Decl. at Exhibit 2. Defense counsel responded that the footage "was produced on or about June 28 as CSD002614." Id. Because Defendants have produced the requested information, Plaintiff's motion to compel with respect to request No. 16 is **DENIED**.

### C. Radio Calls

In request No. 14, Plaintiffs seek the dispatch call to Defendant Marcusen for return of personal effects to Plaintiff Brockman. Mot. at 7. On September 28, 2023, Defendants responded to Plaintiffs' request by stating:

> Plaintiffs have clarified in correspondence that this event, the return of items to Plaintiff Brockman, occurred on May 12, 2021. My client has conducted a search of events for Deputy Marcusen, on that date, at Plaintiffs' residence. No video, documents, or logs exist.

Oppo. at Exhibit A. Defense counsel made an inquiry as to whether or not there were responsive documents or recordings and was informed by his clients that there were not. "[A] court cannot order a party to produce documents that do not exist." See Unilin, 2015 WL 12698382, * 5 (C.D. Cal. Feb. 27, 2017). Accordingly, Plaintiffs' motion with respect to request No. 14 is **DENIED**.

### CONCLUSION

For the reasons set forth above, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: 11/9/2023

Hon. Barbara L. Major
United States Magistrate Judge

11

22CV512-AGS(BLM)